NO. 07-02-0379-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 4, 2003

_____

JAMES P. RILEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 287TH DISTRICT COURT OF PARMER COUNTY;

NO. 2504; HONORABLE GORDON H. GREEN, JUDGE

_____

Before JOHNSON, C.J., REAVIS, J., and BOYD, S.J.[*]

**Memorandum Opinion**

This appeal arises from appellant James P. Riley's conviction, after a guilty plea,

for possession of a controlled substance. His punishment was assessed by the trial court

_____

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(1) (Vernon Supp. 2003).

at two years confinement in the Institutional Division of the Department of Criminal Justice, probated, and a fine of $500. Appellant now challenges the denial of his pretrial motion to suppress. Disagreeing that reversal is required, we affirm the judgment of the trial court.

The charging indictment alleged that on or about May 24, 2002, in Parmer County, appellant and Lisa Marie Riley possessed between one and four grams of methamphetamine. Appellant's guilty plea was conditioned on his right to appeal the pretrial suppression ruling. He now brings that appeal asserting in a single issue that the search of his automobile was conducted in violation of both the federal and state constitutions.

The facts giving rise to appellant's stop and traffic citation are essentially undisputed. Shortly after 11 p.m. on May 24, 2002, Parmer County Deputy Sheriff Andy Stormes stopped appellant for a traffic offense. Stormes had appellant sit in the front seat of the patrol car while he wrote a ticket. Appellant signed a promise to appear, and Stormes returned appellant's driver's license. The evidence is disputed as to what happened next. Stormes testified that he asked appellant a single question, whether he "had a problem" if Stormes searched his car, while appellant averred that Stormes told him he was going to search his car and that appellant should sign a consent form. It is undisputed that Stormes did not expressly tell appellant he was free to leave after returning his driver's license. Appellant signed a written consent form, and Stormes conducted a search which uncovered the methamphetamine giving rise to the prosecution.

2

At the time of the search, two other officers had arrived, but appellant did not know if they were present at the time he signed the consent form.

It is axiomatic that at a suppression hearing, the trial judge has broad discretion in determining the admissibility of evidence and that, in the absence of a clear abuse of discretion, an appellate court may not reverse. The trial judge is the sole factfinder at a hearing on a motion to suppress evidence obtained in a search and may choose to believe or disbelieve any or all of a witness's testimony, as well as the weight to be given the testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990). It is equally well established that as an appellate court, we may not engage in our own factual review, but must merely decide whether the trial judge's fact findings are supported by the record. *Id.* If the findings of fact are supported by the record, we are not at liberty to disturb them and may address only the question of whether the trial court improperly applied the law to the facts. *Id.*

Under the record in this case, the validity of the search must turn on the consent given by appellant. In a case of this type, the State must show by clear and convincing evidence that consent was freely and voluntarily given. *Allridge v. State*, 850 S.W.2d 471, 493 (Tex.Crim.App. 1991), *cert. denied,* 510 U.S. 831, 114 S.Ct. 101, 126 L.Ed.2d 68 (1993); *Dickey v. State*, 716 S.W.2d 499, 504 (Tex.Crim.App. 1986). In challenging the voluntariness of his consent, appellant emphasizes that his detention continued after signing the promise to appear because Stormes did not expressly tell him he was free to

3

leave, and that such detention, unsupported by reasonable suspicion of another offense, was improper.

The trial court obviously resolved the factual dispute in the evidence in favor of the State. We must, therefore, evaluate appellant's challenge on the basis of any undisputed facts and the disputed facts as evidenced by Stormes's testimony.

Appellant does not cite any authority supporting his contention that his detention by Stormes continued until he was expressly told he could leave. A similar issue was addressed in the context of custody for purposes of interrogation in *Dowthitt v. State*, 931 S.W.2d 244 (Tex.Crim.App. 1996). The court enumerated four general situations which may amount to "custody." They are: 1) when the suspect is physically deprived of his freedom of action in any significant way; 2) when a law enforcement officer tells the suspect that he cannot leave; 3) when law enforcement officers create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted; and 4) when there is probable cause to arrest and the officer does not tell the suspect that he is free to leave. *Id.* at 255. The only situation arguably applicable here is the third one enumerated in *Dowthitt*.

The relevant situation here was that appellant was in the front seat of the patrol car after signing a promise to appear. His driver's license had been returned, and nothing else was left to be done. If other officers were present, appellant testified he was not aware of

4

them.  There is nothing in these facts which would render the trial court's finding an abuse of discretion.

Accordingly, we overrule appellant's issue and affirm the judgment of the trial court.


John T. Boyd
Senior Justice

Do not publish.